(1" from top of page, and centered,
begin title of Court)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. ________– Civ (Judge's Last Name/Magistrate's Last Name)**

FILED BY cos D.C.
OCT 15 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

(Full Name of Plaintiff/s), Tanya Woodford

Plaintiff (s)

vs.

(Full Name of Defendant/s), JP morgan chase
Experian Information Solutions
Transunion LLC

Defendant(s).

## COMPLAINT

I, Tanya Woodford, plaintiff, in the above styled cause, sue defendant(s): JP morgan Chase Experian Information Solutions and Transunion LLC.

This action is filed under (indicate under which federal law or section of the U.S. Constitution this action is being filed): The fair credit Reporting Act, 15 U.S.C. §§ 1681e(b) 1681i and 1681s-2(b)

Dated: Month, day, year
October, 14, 2026

Respectfully submitted,

[signature]
Name of Filer Tanya Woodford prose
Attorney Bar Number (if aplicable)
Attorney E-mail Address (if applicable)
Firm Name (if applicable)
Street Address 10603 Keystone ct
City, State, Zip Code Wellington, FL 33414
Telephone: (xxx)xxx–xxxx 614-206-1285
Attorneys for Plaintiff/Defendant [Party Name(s)]
(if applicable)

## Certificate of Service*

**I hereby certify** that a true and correct copy of the foregoing was served by [specify method of service] on [date] on all counsel or parties of record on the Service List below.

Signature of Filer

*: a Certificate of Service is only required if filed conventionally (not through CM/ECF). see Section 3K(4), CM/ECF NextGen Administrative Procedures.

**TANYA WOODFORD**
Plaintiff, Pro Se
10603 Keystone Ct
Wellington, FL 33414

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

**TANYA WOODFORD,**

Plaintiff,

**v.**

**JPMORGAN CHASE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,**

Defendants.

**Civil Action No.: ________________**

**VERIFIED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681e(b), 1681i, AND 1681s-2(b)**

**JURY TRIAL DEMANDED**

**Plaintiff, TANYA WOODFORD ("Plaintiff"), appearing pro se**, files this Verified Complaint against Defendants **JPMORGAN CHASE BANK, N.A. ("Chase")**, **EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian")**, and **TRANS UNION LLC ("TransUnion")** (collectively, "Defendants") for violations of the **Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.**, and respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, and for deletion of inaccurate credit reporting, brought under the FCRA against a furnisher of credit information, Chase, and two consumer reporting agencies, Experian and TransUnion, each of which failed to conduct a reasonable investigation after Plaintiff disputed inaccurate payment histories.

2. Plaintiff disputed the payment histories Chase reports on two JPMCB Card Services accounts, ending in 8702 and 4745 (the "Accounts"), directly with Experian and TransUnion.

3. The payment histories Chase reports are internally inconsistent and contradict each other across bureaus. For the same month, June 2026, Chase reported both Accounts as **150 days late** to Experian and **120 days late** to TransUnion. Both cannot be accurate.

4. Chase also reported Account 8702 as 120 days late in May 2026 without ever reporting the 30-, 60-, or 90-day delinquencies that must precede a 120-day delinquency, and reported the preceding months as "no data" or "unknown."

5. Despite these facially apparent defects, Chase verified the disputed payment histories to both bureaus without correcting, modifying, or deleting them, and without reporting them as disputed.

6. Experian and TransUnion, in turn, accepted Chase's verification without any independent review, left the disputed payment histories in place, and continued to publish them, even though the defects were apparent on the face of their own files.

7. Defendants' conduct violates 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681s-2(b) and has caused Plaintiff concrete harm.

## II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and under 15 U.S.C. § 1681p, which permits FCRA actions in any court of competent jurisdiction.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here. Plaintiff resides in Palm Beach County, Florida, received the dispute results here, and suffered the resulting injuries here. Each Defendant regularly conducts business in this District, including by furnishing information about, or compiling and selling consumer reports about, Florida residents.

10. This action is timely under 15 U.S.C. § 1681p because it is brought within two years of Plaintiff's discovery of the violations alleged and within five years of the violations.

## III. PARTIES

11. Plaintiff Tanya Woodford is a natural person residing in Wellington, Palm Beach County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12. Defendant JPMorgan Chase Bank, N.A. is a national banking association that reports credit information under the name "JPMCB Card Services," P.O. Box 15369, Wilmington, DE 19850. Chase regularly furnishes information about consumers to consumer reporting agencies and is a "person" under 15 U.S.C. § 1681a(b) and a furnisher subject to 15 U.S.C. § 1681s-2.

13. Defendant Experian Information Solutions, Inc. is an Ohio corporation headquartered in Costa Mesa, California. Experian regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Defendant Trans Union LLC is a Delaware limited liability company headquartered in Chicago, Illinois. TransUnion regularly assembles and evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## IV. FACTUAL ALLEGATIONS

### A. The Accounts

15. Account ending 8702 ("Account 8702") is a revolving JPMCB Card Services credit card opened November 4, 2023, with a credit limit of $45,700. Chase reports it closed by the credit grantor on April 4, 2026, with a last payment date of October 25, 2025.

16. Account ending 4745 ("Account 4745") is a revolving JPMCB Card Services credit card opened May 31, 2024, with a credit limit of $24,000. Chase reports it closed by the credit grantor on April 11, 2026, with a last payment date of October 9, 2025.

17. Although Chase labels the Accounts as business credit cards, Chase furnishes them to Experian and TransUnion as "Individual" accounts, and Experian and TransUnion report them on Plaintiff's personal consumer credit files, where creditors, insurers, and others use them to evaluate Plaintiff's personal creditworthiness.

**B. Defendants Reported Inaccurate and Materially Misleading Payment Histories**

18. Chase furnished, and Experian and TransUnion reported, the following monthly payment ratings for 2026 ("ND" = no data; "X" = unknown; numbers = days late):

| Month | Acct 8702 Experian | Acct 8702 TransUnion | Acct 4745 Experian | Acct 4745 TransUnion |
|---|---|---|---|---|
| Jan 2026 | ND | X | Not shown | X |
| Feb 2026 | ND | X | Not shown | X |
| Mar 2026 | ND | X | 60 | 60 |
| Apr 2026 | ND | X | 90 | 90 |
| May 2026 | 120 | 120 | 120 | 120 |
| **Jun 2026** | **150** | **120** | **150** | **120** |
| Jul 2026 | Not yet reported | 120 | Not yet reported | 120 |

19. **Conflicting ratings for the same month.** For June 2026, Chase reported both Accounts as 150 days late to Experian and 120 days late to TransUnion. An account cannot be both 120 and 150 days late in the same month. At least one of these reports is objectively inaccurate.

20. **Impossible delinquency progression.** Account 8702 is reported as 120 days late in May 2026, while January through April 2026 are reported as "ND" by Experian and "X" by TransUnion. An account cannot become 120 days past due without first being 30, 60, and 90 days past due. The reporting is therefore either inaccurate as to the 120-day rating or materially incomplete as to the months that preceded it.

21. **Omitted payment history.** Nearly every month of both Accounts' history is reported by TransUnion as "X" (unknown), and most of 2025 and early 2026 is reported by Experian as "ND," even though Chase, as the creditor, holds complete records of every statement, payment, and delinquency on the Accounts.

22. These defects are objectively and readily verifiable from Chase's own account records. The missing delinquency progression on Account 8702 is also apparent on the face of each bureau's own file, without reference to any outside source.

23. The inaccurate and incomplete histories are materially misleading. A report showing a deeper delinquency (150 days) than the account actually reached, or a sudden 120-day delinquency with no preceding history, can be expected to adversely affect credit decisions about Plaintiff.

**C. Plaintiff's Disputes**

24. Prior to June 26, 2026, Plaintiff mailed a written dispute letter to Experian disputing the payment histories of both Accounts and identifying the inaccuracies described above. A copy is attached as **Exhibit A**.

25. In August 2026, Plaintiff mailed a written dispute letter to TransUnion disputing the payment histories of both Accounts and identifying the inaccuracies described above. A copy is attached as **Exhibit C**.

26. Upon information and belief, Experian and TransUnion each notified Chase of Plaintiff's disputes under 15 U.S.C. § 1681i(a)(2), through Automated Consumer Dispute Verification ("ACDV") forms transmitted via the e-OSCAR system.

**D. Chase Verified the Disputed Information Without a Reasonable Investigation**

27. Experian's dispute results, Report No. 2640-0206-24 dated June 26, 2026, list the outcome for both Accounts as "Updated." A copy is attached as **Exhibit B**.

28. Experian's "Before Dispute" and "After Dispute" entries for both Accounts are identical in every material respect: the same balances, the same past-due amounts, and the same payment history grids, including the 150-day rating for June 2026. The disputed payment histories were not changed; they were verified.

29. TransUnion's investigation results, File No. 460982810 dated August 29, 2026, state that Chase updated the Accounts' "Historical Trended Data." A copy is attached as **Exhibit D**.

30. After TransUnion's reinvestigation, Account 8702 is still reported as jumping from "X" directly to 120 days late in May 2026, and both Accounts are still reported as 120 days late in June 2026, contradicting the 150-day ratings Chase verified to Experian for the same month.

31. Upon information and belief, Chase responded to the ACDVs by confirming that the data it had previously furnished matched the data in its own system, without reviewing account statements or payment records, and without comparing what it was reporting to each bureau.

32. A reasonable investigation would have revealed, at a minimum, that Chase was reporting two different delinquency levels for the same month and that Account 8702's history omitted the delinquencies that must precede a 120-day rating.

33. Upon information and belief, after receiving notice of Plaintiff's disputes, Chase did not report the Accounts to either bureau with a code or remark indicating that Plaintiff disputes the information. The Accounts' post-investigation remarks state only "Closed by credit grantor" and "Unpaid balance charged off."

**E. Experian and TransUnion Failed to Conduct Reasonable Reinvestigations**

34. Upon information and belief, neither Experian nor TransUnion conducted any independent review of Plaintiff's disputes. Each reduced Plaintiff's detailed dispute letter to an automated dispute code, transmitted it to Chase, and adopted whatever response Chase returned.

35. Experian's own file showed Account 8702 with "no data" for January through April 2026, followed by a 120-day rating in May 2026 and a 150-day rating in June 2026. TransUnion's own file showed the same months as "unknown," followed by a 120-day rating. The missing delinquency progression was apparent on the face of each bureau's file.

36. Despite this, Experian reported its results as "Updated" while leaving every disputed element unchanged, and TransUnion reported that it had updated "Historical Trended Data" while leaving the disputed payment ratings in place.

37. Neither Experian nor TransUnion deleted or modified the disputed information, even though it could not be verified as accurate and complete. Upon information and belief, neither bureau requested account statements or payment records from Chase or considered the specific information in Plaintiff's dispute letters.

38. Upon information and belief, Experian and TransUnion do not maintain reasonable procedures to detect payment histories that are impossible on their face, such as a 120-day delinquency with no preceding delinquency, before publishing them in consumer reports.

**F. Plaintiff's Damages**

39. Upon information and belief, after the disputes, Experian and TransUnion published consumer reports containing the inaccurate payment histories to third parties, including Wells Fargo on October 13, 2026, and Boss Bonds on October 14, 2026.

40. As a result, Plaintiff was denied credit by Wells Fargo on or about October 13, 2026, and by Boss Bonds on or about October 14, 2026.

41. As a direct result of Defendants' conduct, Plaintiff has suffered damage to her creditworthiness and reputation, lost credit opportunities, out-of-pocket costs for postage and copies, and time spent disputing.

42. Defendants' conduct has also caused Plaintiff emotional distress, including anxiety, frustration, embarrassment, and loss of sleep, for which Plaintiff seeks damages of not less than $10,000.

43. Unless the Accounts are deleted, Chase will continue to furnish, and Experian and TransUnion will continue to publish, the inaccurate and unverified payment histories, and Plaintiff will continue to suffer harm each time her consumer reports are accessed.

## V. STATUTORY FRAMEWORK

44. When a furnisher receives notice from a consumer reporting agency that a consumer disputes the completeness or accuracy of information it furnished, the furnisher must: (A) conduct an investigation with respect to the disputed information; (B) review all relevant

information provided by the consumer reporting agency; (C) report the results to the agency; (D) if the information is incomplete or inaccurate, report those results to all nationwide consumer reporting agencies to which it furnished the information; and (E) modify, delete, or permanently block the reporting of any item found to be inaccurate, incomplete, or unverifiable. 15 U.S.C. § 1681s-2(b)(1)(A)–(E).

45. Consumers have a private right of action to enforce § 1681s-2(b). 15 U.S.C. §§ 1681n, 1681o; *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008).

46. The investigation § 1681s-2(b) requires must be reasonable; a cursory review that merely confirms the furnisher's own data does not satisfy the statute. *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

47. Information is "incomplete or inaccurate" not only when it is patently false, but also when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1207 (11th Cir. 2019); *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937 (11th Cir. 2021). For a furnisher, the inaccuracy must be objectively and readily verifiable. *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359 (11th Cir. 2024).

48. A furnisher that verifies disputed information without reporting that the consumer disputes it may furnish materially misleading, incomplete information in violation of § 1681s-2(b). *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148–50 (4th Cir. 2008); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

49. Whenever a consumer reporting agency prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

50. When a consumer disputes the completeness or accuracy of information in her file directly with a consumer reporting agency, the agency must conduct a reasonable reinvestigation, review and consider all relevant information the consumer submits, and promptly delete or modify any item found to be inaccurate, incomplete, or unverifiable. 15 U.S.C. § 1681i(a)(1)(A), (a)(4), (a)(5)(A).

51. A consumer reporting agency does not satisfy § 1681i by merely forwarding the dispute to the furnisher and parroting the furnisher's response. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

52. A defendant acts willfully under 15 U.S.C. § 1681n when it knowingly or recklessly disregards its statutory duties. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

53. Publication of inaccurate credit information to third parties causes a concrete injury closely related to the harm of defamation and supports Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432–33 (2021).

## VI. CAUSES OF ACTION

### COUNT I

### (Against Defendant Chase)

### Failure to Conduct a Reasonable Investigation

### 15 U.S.C. § 1681s-2(b)(1)(A)–(B)

54. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

55. Chase received notice of Plaintiff's disputes of both Accounts from Experian and from TransUnion under 15 U.S.C. § 1681i(a)(2).

56. Chase violated § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the disputed payment histories, including by failing to review its own statements and payment records and failing to compare the conflicting ratings it furnished to Experian and TransUnion for the same months.

57. Chase violated § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Experian and TransUnion, which identified the specific payment-history inaccuracies Plaintiff disputed.

58. Chase's violations were knowing or reckless because Chase verified two mutually exclusive delinquency ratings for the same month on the same Accounts after receiving specific disputes of those ratings.

59. Chase's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from Chase actual damages, including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

60. In the alternative, Chase's violations were negligent, entitling Plaintiff to recover from Chase actual damages, including not less than $10,000 for emotional distress, and costs under 15 U.S.C. § 1681o.

61. Chase's violations caused the damages described in paragraphs 39 through 43.

**COUNT II**

**(Against Defendant Chase)**

**Failure to Correct, Modify, or Delete Inaccurate Information**

**15 U.S.C. § 1681s-2(b)(1)(C)–(E)**

62. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

63. The payment histories Chase furnished for the Accounts were inaccurate, incomplete, and materially misleading, as described in paragraphs 18 through 23.

64. Chase violated § 1681s-2(b)(1)(C) and (D) by reporting the results of its investigations as verified, rather than reporting to Experian, TransUnion, and every other nationwide consumer reporting agency to which it furnished the Accounts that the disputed information was inaccurate or incomplete.

65. Chase violated § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate, incomplete, or unverifiable payment ratings, including the conflicting June 2026 ratings and the unsupported May 2026 120-day rating on Account 8702.

66. Chase's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from Chase actual damages, including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

67. In the alternative, Chase's violations were negligent, entitling Plaintiff to recover from Chase actual damages, including not less than $10,000 for emotional distress, and costs under 15 U.S.C. § 1681o.

68. Chase's violations caused the damages described in paragraphs 39 through 43.

**COUNT III**

**(Against Defendant Chase)**

**Failure to Report the Information as Disputed**

**15 U.S.C. § 1681s-2(b)(1)(C)–(D)**

69. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

70. Plaintiff's disputes were bona fide. They identified objectively verifiable conflicts in Chase's own reporting, including two different delinquency ratings for the same month.

71. After investigating, Chase reported the Accounts to Experian and TransUnion without any indication that Plaintiff disputed the payment histories.

72. By verifying the Accounts without noting Plaintiff's bona fide dispute, Chase furnished incomplete and materially misleading information in violation of § 1681s-2(b)(1)(C) and (D).

73. Chase's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from Chase actual damages,

including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

74. In the alternative, Chase's violations were negligent, entitling Plaintiff to recover from Chase actual damages, including not less than $10,000 for emotional distress, and costs under 15 U.S.C. § 1681o.

75. Chase's violations caused the damages described in paragraphs 39 through 43.

**COUNT IV**

**(Against Defendant Experian)**

**Failure to Conduct a Reasonable Reinvestigation**

**15 U.S.C. § 1681i(a)**

76. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

77. Plaintiff notified Experian directly that she disputed the completeness and accuracy of the payment histories of both Accounts.

78. Experian violated § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate, and instead relying entirely on Chase's automated verification.

79. Experian violated § 1681i(a)(4) by failing to review and consider all relevant information Plaintiff submitted with her dispute.

80. Experian violated § 1681i(a)(5)(A) by failing to delete or modify the disputed payment histories, which were inaccurate, incomplete, or could not be verified.

81. Experian's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from Experian actual damages, including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

82. In the alternative, Experian's violations were negligent, entitling Plaintiff to recover from Experian actual damages, including not less than $10,000 for emotional distress,

and costs under 15 U.S.C. § 1681o.

83. Experian's violations caused the damages described in paragraphs 39 through 43.

**COUNT V**

**(Against Defendant Experian)**

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**15 U.S.C. § 1681e(b)**

84. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

85. Experian prepared and published consumer reports about Plaintiff containing the inaccurate and materially misleading payment histories described in paragraphs 18 through 23.

86. Experian violated § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy, including procedures to detect payment histories that are impossible on their face, and by continuing to report the Accounts after Plaintiff put it on notice of the inaccuracies.

87. Experian's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from Experian actual damages, including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

88. In the alternative, Experian's violations were negligent, entitling Plaintiff to recover from Experian actual damages, including not less than $10,000 for emotional distress, and costs under 15 U.S.C. § 1681o.

89. Experian's violations caused the damages described in paragraphs 39 through 43.

**COUNT VI**

**(Against Defendant TransUnion)**

**Failure to Conduct a Reasonable Reinvestigation**

**15 U.S.C. § 1681i(a)**

90. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

91. Plaintiff notified TransUnion directly that she disputed the completeness and accuracy of the payment histories of both Accounts.

92. TransUnion violated § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate, and instead relying entirely on Chase's automated verification.

93. TransUnion violated § 1681i(a)(4) by failing to review and consider all relevant information Plaintiff submitted with her dispute.

94. TransUnion violated § 1681i(a)(5)(A) by failing to delete or modify the disputed payment histories, which were inaccurate, incomplete, or could not be verified.

95. TransUnion's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from TransUnion actual damages, including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

96. In the alternative, TransUnion's violations were negligent, entitling Plaintiff to recover from TransUnion actual damages, including not less than $10,000 for emotional distress, and costs under 15 U.S.C. § 1681o.

97. TransUnion's violations caused the damages described in paragraphs 39 through 43.

**COUNT VII**

**(Against Defendant TransUnion)**

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**15 U.S.C. § 1681e(b)**

98. Plaintiff realleges paragraphs 1 through 53 as if fully set forth here. Plaintiff does not incorporate any other Count.

99. TransUnion prepared and published consumer reports about Plaintiff containing the inaccurate and materially misleading payment histories described in paragraphs 18 through 23.

100. TransUnion violated § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy, including procedures to detect payment histories that are impossible on their face, and by continuing to report the Accounts after Plaintiff put it on notice of the inaccuracies.

101. TransUnion's violations were willful, or in reckless disregard of its statutory duties. Plaintiff is therefore entitled under 15 U.S.C. § 1681n to recover from TransUnion actual damages, including not less than $10,000 for emotional distress, or statutory damages of $1,000 per violation; punitive damages in an amount the Court deems reasonable; and costs.

102. In the alternative, TransUnion's violations were negligent, entitling Plaintiff to recover from TransUnion actual damages, including not less than $10,000 for emotional distress, and costs under 15 U.S.C. § 1681o.

103. TransUnion's violations caused the damages described in paragraphs 39 through 43.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **TANYA WOODFORD** respectfully requests that this Honorable Court enter judgment in her favor and against each Defendant, **JPMorgan Chase Bank, N.A.**, **Experian Information Solutions, Inc.**, and **Trans Union LLC**, and award the following relief against each Defendant:

1. Actual damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1), including not less than $10,000 for emotional distress;
2. Statutory damages of $1,000 for each willful violation of the FCRA under 15 U.S.C. § 1681n(a)(1)(A);
3. Punitive damages under 15 U.S.C. § 1681n(a)(2) in an amount the Court deems reasonable;

4. An order directing Chase to delete Account 8702 and Account 4745 from Plaintiff's credit files with every consumer reporting agency to which it furnishes them, and directing Experian and TransUnion to delete both Accounts from Plaintiff's credit files;
5. Costs of this action under 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
6. Pre-judgment and post-judgment interest as permitted by law; and
7. Such other and further relief as the Court deems just, proper, and equitable.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: October 14, 2026

By: [signature]
**TANYA WOODFORD,**
Plaintiff, Pro Se
10603 Keystone Ct
Wellington, FL 33414

## VERIFICATION

I, **TANYA WOODFORD**, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that I am the Plaintiff in this action, that I have read the foregoing Verified Complaint, and that the factual allegations in it are true and correct to the best of my knowledge, information, and belief.

Executed on October 14, 2026, in Wellington, Florida.

Tanya Woodford

**TANYA WOODFORD**
Plaintiff, Pro Se

## INDEX OF EXHIBITS

**Exhibit A:** Plaintiff's dispute letter to Experian, mailed prior to June 26, 2026

**Exhibit B:** Experian dispute results, Report No. 2640-0206-24, dated June 26, 2026
Exibit B, Plantiff's dispute letter to Experian mailed 8/12/26 & 8/26/26 and results

**Exhibit C:** Plaintiff's dispute letter to TransUnion, mailed August 2026

**Exhibit D:** TransUnion investigation results, File No. 460982810, dated August 29, 2026